IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

BARRY POINTER,                              :

        Petitioner,           Case No. 1:16-cv-381

  - vs -                                   District Judge Susan J. Dlott
                                             Magistrate Judge Michael R. Merz
WARDEN, Chillicothe Correctional
Institution,

        Respondent.          :

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits. Petitioner has filed the Petition (ECF No. 5) and a Traverse (ECF No. 11). Respondent filed the state court record ("Record," ECF No. 9) and the Answer/Return of Writ (ECF No. 10).

The Magistrate Judge reference in the case has been transferred to the undersigned to help balance the workload among Magistrate Judges in the Western Division.

Pointer pleads the following Grounds for Relief:

> **GROUND ONE:** The trial court erred as matter of law by allowing hearsay evidence to be admitted in violation of Petitioner's right to fair trial and impartial trial.
>
> **Supporting Facts:** Detective Dunaway was permitted to testify as to what Mr. Madden told him about the event over Petitioner's objection. Detective Dunaway testified that that he spoke with Mr. Madden after Petitioner had already been arrested which was about an hour after the incident, the statement made at that point was not excited utterance, and therefore prejudiced the Petitioner.
>
> **GROUND TWO:** The trial court erred by overruling Petitioner's motion for a new trial.

1

**Supporting Facts:** Defendant filed his motion on the basis that the trial court admitted hearsay which affected his substantial rights to a fair trial, and that the trial court did not provide a full and fair hearing on the motion in violation of the 6th, and 14th Amendments to the Unites States Constitution to due process and equal protection, as the trial court failed to give findings on the record.

**GROUND THREE:** The evidence was insufficient as a matter of law and was against the manifest weight of evidence to sustain the conviction.

**Supporting Facts:** The State failed to prove beyond a reasonable doubt that Petitioner recklessly inflicted, attempted to inflict or, threatened to inflict physical harm to Mr. Madden while committing a theft offense under R.C. 2911.02(A)(2).

**GROUND FOUR:** The trial court erred as a matter of law in sentencing petitioner.

**Supporting Facts:** The trial court violated R.C. 2929.11(A)(B), 2929.12 and 2929.12 (B) and (C)(3) by failing to consider the court's own findings of the Petitioner being a first time violent type offender, and still imposed a significant prison sentence making the sentence contrary to law.

**GROUND FIVE:** The appellate court denied Petitioner due process and equal protection of the law under the 5th and 14th Amendments to the United States Constitution where the appellate failed to rule on all Petitioner's assigned constitutional claims, assigned errors.

**Supporting Facts:** Once an error is raised, it may only be waived by the party submitting the brief. Here counsel raised four issues, the appellate addressed two.

(Petition, ECF No. 5, PageID 56.)

**Procedural and Factual History**

Pointer was indicted by the Hamilton County Grand Jury in 2014 on one count of robbery (Ohio Revised Code § 2911.02(A)(2)(State Court Record ("Record"), ECF No. 9, PageID 82). Pointer, through counsel, waived a trial by jury and a bench trial was held. After the bench trial, Pointer immediately moved for a new trial pursuant to Criminal Rule 33(A)(1) and (A)(5), arguing that the court had erred by admitting hearsay statements made by the victim to police as excited utterances which prevented him from receiving a fair trial. *Id*. The court denied the motion; found Pointer guilty as charged, and sentenced him to 6 years in prison (Record, ECF No. 9, PageID 91).

Pointer appealed to the Court of Appeals of Ohio, First Appellate District, Hamilton County, which set forth the facts of this case as follows:

> **[*P3]** Steve Madden parked his truck on a street in downtown Cincinnati and smoked a cigarette while waiting to appear for a court hearing scheduled for later that morning. Pointer walked by and asked Madden for a cigarette and to sit in his truck. Madden obliged. The two conversed for a while and then, after a struggle, Pointer took Madden's wallet and ran. According to Madden, Pointer had told him that he had a gun, and Pointer had beaten him on his head with a hard object that Madden had first believed was a gun, but later realized was a cellular phone.
>
> **[*P4]** Moments after the attack, Cincinnati Police Office Jennifer Ventre appeared on the scene, and Madden excitedly told her what had occurred. About an hour later, a still agitated Madden related his information to Cincinnati Police Detective Jeff Dunaway in response to investigative questioning. Pointer was apprehended and admitted to taking Madden's wallet, but he denied using or threatening any force. He testified accordingly, but he was impeached with his previous convictions, in accordance with Evid. R. 609.

(Record, ECF No. 9, PageID 121.) Following briefing on the appeal, the court of appeals

affirmed the judgment of the trial court. *State v. Pointer*, Case No. C-140422 (Ohio App. May 20, 2015.)(unreported; copy at Record, ECF No. 9, PageID 121, et seq.), appellate jurisdiction declined, *State v. Pointer*, 143 Ohio St. 3d 1465 (2015). Pointer timely filed his habeas corpus petition in this Court on March 14, 2016.

# Analysis

**Ground One: Admission of Hearsay Testimony**

In his First Ground for Relief, Mr. Pointer complains that the state trial court erred in allowing a police officer to testify as to what the victim said to the officer about an hour after the crime was committed.

The Warden seeks dismissal of this claim on the ground that, considered as an evidentiary claim, it is not cognizable in habeas corpus. That is to say, the question of whether a particular statement is admissible hearsay because it comes within a recognized exception to the hearsay rule is a question of state evidence law, not federal constitutional law. The Warden also seeks dismissal of this claim as procedurally defaulted, asserting it was not fairly presented to the Ohio courts as a constitutional claim.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida*, 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a

conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane*, 516 U.S. 99 (1995); *Riggins v. McMackin*, 935 F.2d 790, 792 (6th Cir.

1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009). If a habeas petitioner has failed to fairly present his federal constitutional claim to the state courts, he has procedurally defaulted it and it must be dismissed.

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter*, 450 F.3d at 236; *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

In his Traverse, Mr. Pointer attempts to change his First Ground for Relief. In the Petition, he alleged admitting the hearsay deprived him of a fair trial and an impartial trial. In the Traverse, however, he re-writes the claim to be that admission of the hearsay deprived him of due process and equal protection of the laws (Traverse, ECF No. 11, PageID 337). In his Brief on Appeal to the First District Court of Appeals, however, Mr. Pointer phrased his hearsay claim exactly the same way he phrased it in his Petition, to wit, that admission of hearsay testimony deprived him of a fair and impartial trial (Record, ECF No. 9, PageID 110). The authorities cited are all state law authorities and the argument is about why the victim's statement an hour after the crime was not an excited utterance, the hearsay exception on which the state trial judge relied in allowing the testimony. *Id.*

In deciding his appeal, the First District did not understand that it was presented with a

constitutional claim. Instead, it ruled purely in terms of whether the victim's statement was an excited utterance. It found an abuse of discretion in admitting the testimony because Mr. Madden had had time to reflect before giving his statement. *State v. Pointer*, *supra*, PageID 122. But it also found Detective Dunaway's testimony was cumulative to that of Officer Ventre and the victim himself and was therefore "harmless beyond a reasonable doubt." *Id.*

Mr. Pointer argues he "constitutionalized" this claim when he presented it to the Ohio Supreme Court and that is correct. In his Memorandum in Support of Jurisdiction, he recharacterized the hearsay claim as being about due process and equal protection (ECF No. 9, PageID 128). But changing the claim at that stage did not satisfy the fair presentation requirement; a constitutional claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith*, *supra*. Moreover, merely reciting the talismanic words "due process" and "equal protection" does not constitute presenting a constitutional argument. In the body of his Memorandum, Pointer cites no federal case law.

Considered as an evidence question Mr. Pointer's First Ground for Relief does not state a claim cognizable in habeas corpus. Considered as a federal constitutional claim, it is procedurally defaulted for failure to make a fair presentation to the state courts.

**Ground Two: Denial of New Trial Motion**

In his Second Ground for Relief, Pointer claims the state trial court committed error in denying his motion for new trial which was based on the fact that hearsay had been admitted. He asserts a denial of due process in the trial court's failure to hold a hearing on the motion and make specific findings.

7

The Warden asserts Ground Two should be dismissed on the same basis as Ground One, to wit, that is does not state a federal constitutional claim and was not fairly presented as a constitutional claim to the state courts (Return, ECF No. 10, PageID 321). In the Petition, Pointer asserts the state court denial violated his Sixth and Fourteenth Amendment rights which he lists as due process and equal protection.

Analysis of this ground for relief parallels the analysis of Ground One. On direct appeal, Pointer raised this claim purely as a matter of state law, citing only state authorities (Brief, Record, ECF No. 9, PageID 110). The First District decided Pointer was not entitled to a new trial because the error of admitting Dunaway's testimony did not deny Pointer a fair trial. *State v. Pointer*, *supra*, PageID 122-23. On appeal to the Ohio Supreme Court, Pointer characterized this as a Fifth and Fourteenth Amendment claim of denial of due process and equal protection, but only state authorities are cited in his Memorandum in Support of Jurisdiction.

There is no free-standing federal constitutional right to a new trial nor to any particular procedure for deciding motions for new trial. To establish a constitutional due process claim, [Petitioner] must demonstrate that the trial court's denial of his motion for new trial was "so egregious" that it violated his right to a fundamentally fair trial. *See Fleming v. Metrish*, 556 F.3d 520, 535 (6th Cir. 2009); *Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004)." *Pudelski v. Wilson*, 576 F.3d 595, 611 (6th Cir. 2009)(Holschuh, D.J.)

To the extent Mr. Pointer is claiming he was entitled to a new trial under Ohio R. Crim. P. 33, he has failed to state a claim under the United States Constitution. The Ohio courts' interpretation of what is required by Ohio Rules of Criminal procedure is binding on this Court. To the extent he is claiming he did not receive a fair trial because the hearsay testimony of Detective Dunaway was admitted, a right which would arise under the Sixth Amendment and not

either the Due Process or Equal Protection Clause, the First District's determination that the error was harmless beyond a reasonable doubt is not an objectively unreasonable application of the relevant Supreme Court precedent on harmless error. Alternatively, the claim is procedurally defaulted for failure to fairly present it to the First District as a federal constitutional claim.

**Ground Three: Verdict Supported by Insufficient Evidence or Against the Manifest Weight of the Evidence**

In his Third Ground for Relief, Mr. Pointer claims his conviction on the force element of robbery is supported by insufficient evidence or is against the manifest weight of the evidence.

The Warden argues the manifest weight claim is not cognizable in habeas. Mr. Pointer concurs, writing in his Traverse, "Petitioner understands that the manifest weight part of this issue means absolutely nothing to this proceeding[.]" (Traverse, ECF No. 11, PageID 340.) The Sixth Circuit has held a manifest weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). This portion of Ground Three should therefore be dismissed as non-cognizable.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the

> responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship*, *supra*.

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and

then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger*, 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).

Mr. Pointer's Third Ground for Relief was his third assignment of error on direct appeal. The First District decided the claim as follows:

> In his third assignment of error, Pointer challenges the sufficiency and manifest weight of the evidence to support his conviction for robbery in violation of R.C. 2911.02(A)(2). Madden testified that Pointer had threatened him with a gun and had physically assaulted him before taking his wallet from his pocket. Although Pointer testified that he had not threatened Madden with a gun, nor used force when taking Madden's wallet, the trier of fact was free to reject his testimony. See *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. After reviewing the record, we hold that Pointer's robbery conviction was supported by sufficient evidence and was not against the manifest weight of the evidence. See *State v. Jenks,* 61 Ohio St.3d 259, 574

> N.E.2d 492 (1991), paragraph two of the syllabus; *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Therefore, we overrule the third assignment of error.

*State v. Pointer*, *supra*, PageID 123.

Mr. Pointer's Traverse on this Ground for Relief is not focused on the issues actually presented. At one point he argues about the vagueness doctrine (ECF No. 11, PageID 340, citing *Connally v. General Const. Co.*, 269 U.S. 385, 391 (1926)). However, no vagueness claim was made in the Ohio courts and it is not mentioned in the Petition. He speaks about circumstantial evidence and about invoking the "no evidence" rule. *Id.* at PageID 339, but they also are not at issue because he was convicted on direct evidence. He speaks about lesser included offense jury instructions, but this was a bench trial.

What is involved in this insufficiency claim is a conflict of direct testimony: Madden testified Pointer hit him before taking his wallet and Pointer denied doing so. The Sixth Circuit has long held that the testimony of the victim alone is constitutionally sufficient to sustain a conviction. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008), *citing United States v. Terry*, 362 F.2d 914, 916 (6th Cir. 1966) ("The testimony of the prosecuting witness, if believed by the jury, is sufficient to support a verdict of guilty."); *see also O'Hara v. Brigano*, 499 F.3d 492, 500 (6th Cir. 2007) (holding that victim's testimony that habeas petitioner abducted her and raped her was constitutionally sufficient to sustain conviction despite lack of corroborating witness or physical evidence); *United States v. Howard*, 218 F.3d 556, 565 (6th Cir. 2000) (holding that even if the only evidence was testimony of the victim, that is sufficient to support a conviction, even absent physical evidence or other corroboration); *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996)(noting that there is sufficient evidence to support a conviction even if the "circumstantial evidence does not remove every reasonable hypothesis except that of guilt")

(internal quotation marks omitted). Here, Madden's testimony at trial is supported by his prior consistent statements to both police officers about what happened, including the use of force. Furthermore, Pointer was properly impeached with his prior convictions. Under the circumstances, and particularly with the double deference required by the AEDPA, there was clearly sufficient evidence to convict.

**Ground Four: Sentence Contrary to Law**

In his Fourth Ground for Relief, Mr. Pointer claims the trial judge erred as a matter of law in imposing sentence by not following the relevant Ohio sentencing statutes. Confronted with the Warden's defense that this is not a federal constitutional claim, Pointer adds the words "due process" and "equal protection" to his statement of this claim in the Traverse (ECF No. 11, PageID 344). In the body of his Traverse argument, he claims his sentence violates the Eighth Amendment Cruel and Unusual Punishment Clause. *Id.* at 345. As with Grounds One and Two, this recharacterization is not effective. This claim was presented to and decided by the First District purely as a matter of state law. *State v. Pointer*, *supra*, PageID 123.

For the reasons and on the authority given above as to Grounds One and Two, this Court cannot reconsider a state court ruling on a question of state law. The interpretation and application of Ohio's sentencing statutes is plainly a question of Ohio law alone.

As with Grounds One and Two, Pointer has procedurally defaulted a due process, equal protection, or cruel and unusual punishment claim by not fairly presenting any of them to the Ohio courts. Moreover, if this Court could reach the cruel and unusual punishment claim on the merits, it would overrule that claim because, as the First District found, Pointer was sentenced

within the statutory limits for the crime of which he was convicted.

**Ground Five: Failure to Rule on All Assigned Errors**

In his Fifth Ground for Relief, Mr. Pointer asserts he was denied due process and equal protection of the laws because the First District did not rule on all the assignments of error he raised with them. The Warden asserts this claim is not cognizable in habeas corpus and is refuted by the record. Mr. Pointer responds by citing Ohio Supreme Court precedent requiring an appellate court to rule on all pleaded assignments of error, but then argues his Fifth Ground again in terms of the sufficiency of the evidence (Traverse, ECF No. 11, PageID 345-47).

On direct appeal, Mr. Pointer did in fact plead four assignments of error:

**I. First Assignment of Error:**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY ALLOWING HEARSAY EVIDENCE TO BE ADMITTED IN VIOLATION OF APPELLANT'S RIGHT TO A FAIR AND IMPARTIAL TRIAL. (Tp. Vol. I, pgs. 44, 46, 68)

**II. Second Assignment of Error:**

THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR A NEW TRIAL. (Td. 21; Tp. Vol. 3, pgs. 128-131)

**Ill. Third Assignment of Error:**

THE EVIDENCE WAS INSUFFICIENT AS A MATI'ER OF LAW AND/OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN APPELLANT'S CONVICTION. (Td. 18, 19)

**IV. Fourth Assignment of Error:**

THE TRIAL, COURT ERRED AS A MATTER OF I .AW IN SENTENCING APPELLANT. ('I'd. 22)

(Record, ECF No. 9, PageID 97-98.)

Pointer is mistaken in his assertion that the First District did not rule on all four of these assignments. Their Judgment Entry refers to each assignment of error by number and rules on each of them. *State v. Pointer*, *supra* (Record, ECF No. 9, PageID 121-23).

Moreover, even if the First District had not ruled on each assignment, that would not have violated Mr. Pointer's due process or equal protection rights. The rule of law to which he refers for the proposition that each assignment of error must be decided is a state law precedent of the Ohio Supreme Court, *Criss v. Springfield Twp.*, 43 Ohio St. 3d 83 (1989). The decision in *Criss* is based entirely on the Ohio Supreme Court's interpretation of Ohio R. App. P. 12(A), and not on the United States Constitution. Moreover, there is no United States Supreme Court precedent which holds it is a violation of due process to fail to decide on intermediate appeal every assignment of error raised by a criminal defendant-appellant.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 5, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### 'NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).